# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JACK FRANCIS BRUCE,**<br>Plaintiff,<br>vs.<br>**CITY OF HERCULES, ET AL.,**<br>Defendants. | CASE NO. 4:25-cv-01297-YGR<br><br>**ORDER GRANTING MOTION TO DISMISS** |

Now before the Court is a motion to dismiss under Rule 12(b)(6) filed by two of six defendants, Daniel Collyer and Rodeo-Hercules Fire Protection District ("RHFPD") ("moving defendants"), with respect to plaintiff Jack Francis Bruce's claim for defamation. Dkt. No. 69. Plaintiff, who is represented by counsel, opposes the motion. Dkt. No. 76. For the reasons set forth below, the Court **GRANTS** the motion to dismiss. The dismissal is **WITHOUT PREJUDICE**.

## I. BACKGROUND

### A. Allegations in the Operative Complaint

For the purpose of resolving the present motion, the Court accepts the allegations in the Second Amended Complaint ("2AC"), Dkt. No. 64, as true. The 2AC pleads as follows:

On April 1, 2024, the vehicle plaintiff was driving crashed because he experienced a seizure. *See* 2AC ¶¶ 1-5. Moving defendant Daniel Collyer, who is a paramedic employed by moving defendant RHFPD, and three Hercules Police Department officers, defendants Angel Garcia, Michael Thompson, and Joshua Goldstein, responded to the scene. *See id.* Collyer allegedly could see that plaintiff displayed typical signs of being in the postictal phase of a seizure, but he nevertheless allowed defendants Garcia, Thompson, and Goldstein to forcefully extract plaintiff from his car, which caused him physical and emotional injuries. *See id.* ¶¶ 1-5, 41-44. Collyer later wrote a Patient Care Report that falsely stated that plaintiff was "combative" upon

his arrival and attributed to plaintiff a threatening statement that plaintiff never made. *Id.* ¶¶ 8, 123.

Plaintiff asserts eleven claims for relief against all the defendants referenced, but only the tenth claim is relevant here, namely defamation. The claim is premised, in relevant part, on allegations that moving defendant Collyer prepared and submitted to his supervisors at RHFPD a Patient Care Report that was defamatory because it falsely stated that plaintiff was "combative" at the scene of his car accident and that plaintiff said, "Get away or I will fuck you up," when Collyer approached him. *See id.* ¶¶ 115-27.

The following are new allegations relating to plaintiff's claim for defamation that were not included in the prior iteration of the complaint. They are intended to support a theory of equitable estoppel as to the issue of compliance with the Government Claims Act with respect to that claim. *See id.* ¶¶ 128-42.

On August 30, 2024, plaintiff submitted a records request to RHFPD that called for all medical, treatment, and other reports relating to the April 1, 2024, incident. *See id.* ¶ 132.

On September 12, 2024, an administrative assistant at RHFPD responded to plaintiff's records request by sending an email to plaintiff's counsel attaching a four-page incident report. *Id.* ¶ 133. This email did not state that other documents responsive to the records request existed and would be produced at a later date. *Id.*

On September 25, 2024, plaintiff presented a claim for damages to RHFPD pursuant to California Government Code § 900, *et. seq*. *Id.* ¶¶ 20, 128. The claim alleged that defendant Collyer was negligent when he arrived at the scene of the incident because he failed to recognize that plaintiff was displaying behavior consistent with the postictal phase of a seizure; failed to convey to the responding police officers the need to leave plaintiff alone to allow him to recover from the seizure; and allowed the police officers to extract plaintiff from his vehicle in a violent manner that caused him physical and emotional injuries. *See* Dkt. No. 56-1.[1] The claim did not

---

[1] The Court takes judicial notice of the claim that plaintiff submitted to RHFPD because it is relevant to his compliance with the Government Claims Act. *See Ramachandran v. City of Los Altos*, 359 F. Supp. 3d 801, 811 (N.D. Cal. 2019).

mention the allegedly defamatory statements in the Patient Care Report because plaintiff was "unaware" of that report at the time he presented the claim. *Id.* ¶ 134.

On October 23, 2024, RHFPD denied plaintiff's September 25, 2024, claim. *Id.* ¶ 136. Notice of the denial was provided to plaintiff on November 14, 2024. *Id.* The denial of plaintiff's claim on October 23, 2024, allegedly had the effect of terminating the time period during which plaintiff was permitted to amend the September 25, 2024, claim. *Id.* ¶ 137.

On November 5, 2024, the same administrative assistant at RHFPD who previously emailed plaintiff's counsel on September 12, 2024, sent another email to plaintiff's counsel attaching the Patient Care Report and a second report. *Id.* ¶ 138. The email stated: "I was recently made aware of these additional reports, and with these we will consider the original public records request satisfied." *Id.* ¶ 138. Plaintiff alleges that the November 5, 2024, email constitutes his "first notice" that RHFPD's document production of September 12, 2024, had been incomplete, and that defendant Collyer had made defamatory statements in the Patient Care Report. *See id.* ¶¶ 123, 139. Plaintiff further avers that, by the time RHFPD produced the Patient Care Report on November 5, 2024, it was "too late" to amend the claim he submitted on September 25, 2024, to add allegations about the allegedly defamatory statements in the Patient Care Report because the deadline to do so had already expired. *See id.* ¶¶ 137, 141. According to plaintiff, the timing of RHFPD's production of the Patient Care Report deprived him of the ability to present "a timely amended notice of claim" to RHFPD regarding the alleged defamation in the Patient Care Report. *See id.* ¶ 142.

On October 23, 2025, nearly a year after plaintiff received the Patient Care Report, plaintiff submitted in "an abundance of caution" an application to RHFPD to present a late claim for defamation relating to that report. *Id.* ¶ 142 n.1. That application was denied on November 18, 2025. *See* Fiol Decl., Ex. 2, Dkt. No. 76-1.[2]

---

[2] The Court takes judicial notice of the denial of plaintiff's application to present a late claim because it is relevant to plaintiff's compliance with the Government Claims Act. *See Ramachandran*, 359 F. Supp. 3d at 811.

3

### B. Procedural History

Plaintiff filed this action on February 7, 2025, Dkt. No. 1, and filed an amended complaint as a matter of course on April 1, 2025, Dkt. No. 14. On May 19, 2025, defendants Garcia, Thompson, Goldstein, and the City of Hercules filed an answer to the FAC. Dkt. No. 27. On May 19, 2025, moving defendants filed a motion to dismiss all claims asserted against them. Dkt. No. 31. On August 25, 2025, the Court denied the motion. Dkt. No. 52.

On September 15, 2025, moving defendants filed an answer, Dkt. No. 54, as well as a motion for judgment on the pleadings with respect to plaintiff's claim for defamation, Dkt. No. 55.

On October 14, 2025, the Court granted the motion for judgment on the pleadings, finding that plaintiff failed to comply with the claim presentation requirements of the Government Claims Act because he failed to include a factual basis for a claim for defamation in the claim he submitted to RHFPD on September 25, 2024. *See* Dkt. No. 63 at 5. The Court granted plaintiff leave to amend to allege facts that could support a theory of equitable estoppel in connection with his compliance with the claim presentation requirements as to his defamation claim. *See id.* at 7.

On November 3, 2025, plaintiff filed the 2AC. Dkt. No. 64.

On November 17, 2025, defendants Garcia, Thompson, Goldstein, and the City of Hercules filed an answer. Dkt. No. 68.

On the same date, moving defendants filed the present motion to dismiss. Dkt. No. 69. Plaintiff opposes the motion. Dkt. No. 76.

### II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), an action may be dismissed for "failure to state a claim upon which relief can be granted." Dismissal is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). The complaint must allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When considering a motion to

4

1 dismiss, a court must accept all material allegations in the complaint as true and construe them in
2 the light most favorable to plaintiff. *NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

### III. DISCUSSION

Moving defendants assert two arguments. *One*, plaintiff's defamation claim fails as a matter of law to the extent that it is asserted against them because, prior to filing this action, plaintiff did not present to RHFPD a claim under the Government Claims Act that contained facts supporting a claim for defamation. Where, as here, a plaintiff has asserted multiple causes of action, each of those causes of action and the facts supporting them must be reflected in a timely claim submitted pursuant to the Government Claims Act. *Two*, plaintiff may not excuse his non-compliance with the Government Claims Act under a theory of equitable estoppel because he has not alleged facts indicating that they prevented him from presenting a timely claim for defamation to RHFPD. More specifically, RHFPD's production of the Patient Care Report on November 5, 2024, did not affect plaintiff's ability to comply with the claim presentation requirements because he could have presented a second claim to RHFPD for defamation after he received the Patient Care Report.

Plaintiff disagrees that equitable estoppel does not apply. Plaintiff argues that he has alleged sufficient facts showing that RHFPD prevented him from complying with the claim presentation requirements by delaying its production of the Patient Care Report that forms the basis of his defamation cause of action until after he had already presented a claim to RHFPD and the time for amending that claim had expired. According to plaintiff, the only way in which he could have complied with the claim presentation requirements as to his defamation cause of action is to have amended the claim he presented to RHFPD to add defamation allegations relating to the Patient Care Report.

For claims against a public entity or public employee that arise out of state law, "[t]he California [Government] Claims Act requires, as a condition precedent to suit . . . the timely presentation of a written claim and the rejection of the claim in whole or in part." *See Mangold v. Cal. Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995). The purpose of that requirement is "to provide the public entity sufficient information to enable it to adequately investigate claims

and to settle them, if appropriate, without the expense of litigation." *Stockett v. Ass'n of Cal. Water Agencies Joint Powers Ins. Auth.*, 34 Cal. 4th 441, 446 (2004). Section 945.4 of the Government Claims Act "requires each cause of action to be presented by a claim complying with section 910, while section 910, subdivision (c) requires the claimant to state the date, place, and other circumstances of the occurrence or transaction which gave rise to the claim asserted." *See id.* at 447 (citation and internal quotation marks omitted). A claim for personal injury and property damage must be presented to the governmental entity within six months of the claim's accrual; all other claims must be presented within one year. *See* Cal. Gov't Code § 911.2. The public entity has forty-five days to act on the claim. *See* Cal. Gov. Code § 912.4. Before the public entity acts on the claim, or before the time period for filing a claim expires, "whichever is later," a claimant may amend his claim if the claim as amended relates to the same transaction or occurrence that gave rise to the original claim. *See* Cal. Gov. Code § 910.6. If the public entity denies the claim on the merits, the plaintiff has six months from the date of the denial to file suit against the entity or its employees. *See* Cal. Gov. Code § 945.6(a)(1).

A claimant may submit an application to the public entity for leave to present a late claim within one year of the date when the claim accrued. *See* Cal. Gov't Code § 911.4. If the public entity denies the application, the claimant may file a civil petition for relief from the claim presentation requirements to a superior court within six months of the denial. *See* Cal. Gov't Code § 946.6. If the superior court issues an order relieving the claimant of the claim presentation requirements, the claimant must file a lawsuit against the public entity or public employee within thirty days. *Id.*

A "failure to timely present a claim for money or damages to a public entity bars a plaintiff from filing a lawsuit against that entity." *City of Stockton v. Superior Ct.*, 42 Cal. 4th 730, 738 (2007) (citation omitted); *see also* Cal. Gov. Code § 945.4. It also bars a lawsuit against an employee of the public entity. *See* Cal. Gov't Code §§ 950.2, 950.6. Thus, "a plaintiff must allege facts demonstrating or excusing compliance with the claim presentation requirement." *State of California v. Superior Ct.*, 32 Cal. 4th 1234, 1243 (2004). Otherwise, a claim against a public entity or public employee is subject to dismissal for failure to state a claim. *See id.*

1    Here, the 2AC does not contain factual allegations showing (1) that plaintiff complied with
2  the claim presentation requirements before he asserted a claim for defamation against the moving
3  defendants in this litigation, or (2) that he is excused from complying with such requirements.
4  Plaintiff did file a declaration in support of his opposition, which is accompanied by two exhibits.
5  *See* Dkt. No. 76-1.  The first exhibit is an email chain involving RHFPD staff, and the second
6  exhibit is a notice that his application to file a late claim was denied by RHFPD.  The Court can
7  and does consider the notice denying plaintiff's application to file a late claim, as that document is
8  relevant to his compliance with the claim presentation requirements.  *See Ramachandran*, 359 F.
9  Supp. 3d at 811.  The Court does not consider the declaration or the email chain because neither is
10 incorporated by reference into the 2AC or subject to judicial notice.  *See Tellabs, Inc. v. Makor*
11 *Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007) (noting that courts may consider "documents
12 incorporated into the complaint by reference, and matters of which a court may take judicial
13 notice" in deciding a motion under Rule 12(b)(6)).
14   Thus, as applied here, to comply with the claim presentation requirements as to his cause
15 of action for defamation relating to the Patient Care Report, plaintiff was required, as a condition
16 precedent to filing this lawsuit, to present to RHFPD a timely claim for defamation within six
17 months of the date when the claim accrued.  *See* Cal. Gov't Code § 911.2; *see also DiCampli-*
18 *Mintz v. Cnty. of Santa Clara*, 55 Cal. 4th 983, 990 (2012) ("The filing of a claim is a condition
19 precedent to the maintenance of any cause of action against the public entity and is therefore an
20 element that a plaintiff is required to prove in order to prevail.").  Plaintiff does not allege that he
21 did so.  The claim that plaintiff submitted to RHFPD on September 25, 2024, prior to filing this
22 lawsuit did not contain a factual basis for defamation relating to the Patient Care Report.  *See* 2AC
23 ¶¶ 134, 141.  Thus, that claim cannot satisfy the claim presentation requirements with respect to
24 plaintiff's defamation cause of action against the moving defendants.  *See Stockett*, 34 Cal. 4th at
25 447 (holding that "the facts underlying each cause of action in the complaint must have been fairly
26 reflected in a timely claim" and that "the complaint is vulnerable to a demurrer if it alleges a
27 factual basis for recovery which is not fairly reflected in the written claim").  Further, the
28 application to present a late claim for defamation that he submitted to RHFPD on October 23,

2025, *see* 2AC ¶ 142 n.1, was denied on November 18, 2025, *see* Fiol Decl., Ex. 2, Dkt. No. 76-1. Because plaintiff has not alleged that he complied with the claim presentation requirements by submitting a timely claim for defamation to RHFPD prior to initiating this lawsuit, his cause of action for defamation against the moving defendants is subject to dismissal unless he has alleged facts excusing his compliance with the claim presentation requirements as to that claim. *See State of California*, 32 Cal. 4th at 1243.

Plaintiff acknowledges in his opposition that he could file a petition with a superior court under California Government Code section 946.6 for an order relieving him from the claim presentation requirements as to his cause of action for defamation given that RHFPD denied his application to file a late claim. *See* Dkt. No. 76 at 17 (arguing that RHFPD's denial of his application to file a late claim "forc[es] plaintiff to file a petition to overrule the[] decision under Government Code Section § 946.6"); *see also* Cal. Gov't Code § 946.6 (providing that a petition for relief from the claim presentation requirements after an application to file a late claim is denied must be filed within six months of the denial). If a superior court were to grant such a petition, plaintiff would be permitted to file a lawsuit for defamation against the moving defendants within thirty days of the date the petition is granted. *See* Cal. Gov't Code § 946.6. However, plaintiff does not allege that he has filed a petition under section 946.6 or that a superior court has granted such a request. *See generally* 2AC. Accordingly, the Court cannot infer that plaintiff is excused from complying with the claim presentation requirements pursuant to a judicial order under section 946.6.

In its order of October 14, 2025, the Court granted plaintiff leave to amend the complaint to allege facts excusing his non-compliance with the claim presentation requirements on the ground of equitable estoppel based on the theory "that the actions of the moving defendants frustrated his attempt to comply with the claim presentation requirements with respect to his cause of action for defamation." *See* Dkt. No. 63 at 6-7 (quoting *Fredrichsen v. City of Lakewood*, 6 Cal. 3d 353, 357 (1971) for the proposition that a governmental entity "cannot frustrate [a] plaintiff's attempt to comply with a statute enacted for its benefit and then assert noncompliance as a defense").

As noted, plaintiff argues that he has alleged sufficient facts that raise the inference that moving defendants induced his failure to present a timely claim for defamation relating to the Patient Care Report. *See* Dkt. No. 76 at 10; *see also* 2AC ¶¶ 128-42. According to plaintiff, it would not have been possible for him to submit a new claim for defamation to RHFPD after he received a copy of the Patient Care Report because the only way in which he could have presented a timely claim for defamation relating to that report was to amend the claim he submitted to RHFPD on September 25, 2024, to add allegations of defamation pertaining to that report. *See id.* Plaintiff argues that the deadline to amend the September 25, 2024, claim expired on October 23, 2024, which is approximately two weeks before RHFPD produced the Patient Care Report on November 5, 2024. Plaintiff contends that RHFPD's production of the Patient Care Report after the October 23, 2024, deadline to amend the claim thus precluded him from complying with the claim presentation requirements. *See id.*

Here, plaintiff's theory of equitable estoppel rests on the premise that amending his September 25, 2024, claim to add a cause of action for defamation was the only way in which he could have presented a timely claim for defamation to RHFPD relating to the Patient Care Report. Accordingly, if it is the case that amending the September 25, 2024, claim was *not* the only way in which plaintiff could have presented a timely claim for defamation, then RHFPD's production of the Patient Care Report after the deadline for amending that claim cannot be said to have impeded him from complying with the claim presentation requirements.

Plaintiff points to no legal support for the premise that amendment was his only option. Plaintiff relies on the language of section 910.6, which provides, in relevant part, that a submitted claim "may" be amended "if the claim as amended relates to the same transaction or occurrence which gave rise to the original claim," in which case the amendment "shall be considered a part of the original claim for all purposes." *See* Cal. Gov't Code § 910.6. The language of section 910.6 does not help plaintiff because it is permissive. It provides that a claimant "may" amend a claim if the amendment arises out of the same transaction or occurrence, suggesting that amending a claim in that circumstance is optional. *See id.* Nothing in the language of section 910.6 suggests that a claimant is required to file an amendment under section 910.6 instead of presenting a new claim.

9

The other authorities that plaintiff cites are inapposite, because they interpret rules of procedure that are not at issue here.[3]

On the other hand, moving defendants cite a case, which plaintiff has not distinguished, which suggests that a claimant who relies on more than one cause of action may present more than one claim to a public entity so long as "each cause of action" is "reflected in a timely claim." *See Fall River Joint Unified Sch. Dist. v. Superior Ct.*, 206 Cal. App. 3d 431, 434 (1988) ("If a plaintiff relies on more than one theory of recovery against the [governmental agency], each cause of action must have been reflected in a timely claim.") (alteration in the original). This interpretation is consistent with other authorities the Court has located; they hold that the proper way for a claimant to assert a new cause of action against a public entity that was not asserted in his original claim is to present a *second* claim to the public entity as opposed to amending the original claim. *See Fleeman v. Cnty. of Kern*, No. 120CV00321JLTCDB, 2023 WL 8375658, *11-12 (holding that an amended claim under section 910.6 is one that alleges substantially identical facts as the first claim but fails to allege a separate basis of liability, whereas a "second" claim is one that asserts a new cause of action and involves factual and legal issues separate and independent of those asserted in the original claim) (collecting and discussing California authorities on this issue); *see also Janis v. California State Lottery Com.*, 68 Cal.App.4th 824, 833 (1998) (holding that a second claim that "involve[d] factual and legal issues separate and independent of the [causes of action asserted in the] original claim" was a separate claim instead of an amended claim under section 910.6).

Based on these authorities, which the Court finds to be persuasive, plaintiff had the option to present a second claim to RHFPD to assert a cause of action for defamation relating to the Patient Care Report. He could have done so within six months of the date when he received a

---

[3] Those authorities interpret the term "same transaction or occurrence" but not in the context of section 910.6. *See Asarco, LLC v. Union Pac. R.R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014) (analyzing Federal Rule of Civil Procedure 15); *Pochiro v. Prudential Ins. Co. of America*, 827 F.2d 1246, 1249 (9th Cir. 1987) (analyzing Arizona rule of civil procedure regarding compulsory counterclaims); *Currie Med. Specialties, Inc. v. Bowen*, 136 Cal. App. 3d 774, 777 (1982) (analyzing California rule of civil procedure regarding compulsory counterclaims).

copy of the report (November 5, 2024), which is when the defamation cause of action accrued.[4] *See* Cal. Gov't Code § 911.2 (providing that a claim for personal injury and property damage must be presented to the governmental entity within six months of the claim's accrual). Presenting a second claim for defamation (instead of amending his original claim) would have been appropriate because the allegedly defamatory statements in the Patient Care Report give rise to a new cause of action that involves factual and legal issues that were not asserted, and are separate from those raised, in his original claim.[5] *See Fleeman*, 2023 WL 8375658, at *11-12; *Janis*, 68 Cal.App.4th at 833.

The ability to present a second claim defeats the argument that RHFPD's production of that report on November 5, 2024, frustrated plaintiff's compliance with the claim presentation requirements as to his cause of action for defamation. Accordingly, the Court cannot reasonably infer that plaintiff's non-compliance with the claim presentation requirements as to that cause of action can be excused on the ground of equitable estoppel.

The Court, therefore, **GRANTS** moving defendants' motion to dismiss plaintiff's claim for defamation to the extent that it is asserted against them. The dismissal is **WITHOUT PREJUDICE**

---

[4] Plaintiff argues, in passing, that his defamation claim accrued on the date of the incident (April 1, 2024). However, this argument is inconsistent with his allegations. Plaintiff alleges that, despite the request he submitted to RHFPD on August 30, 2024, for all medical and treatment reports pertaining to the April 1, 2024, incident, he did not learn of the defamatory statements in the Patient Care Report until November 5, 2024, when RHFPD finally produced the report to him. *See* 2AC ¶¶ 132-42. Because plaintiff's allegations raise the inference that he could not have reasonably discovered the defamatory statements in the Patient Care Report until RHFPD produced it to him on November 5, 2024, his claim for defamation based on those statements did not accrue until November 5, 2024. *See Hebrew Acad. of San Francisco v. Goldman*, 42 Cal. 4th 883, 894 (2007) (noting that a claim for defamation arising out a letter in a personnel file that the plaintiff could not access on her own did not accrue until the plaintiff "learned of the existence of the letter because she could not reasonably have been expected to discover the basis for her cause of action before then") (citation omitted).

[5] As noted, the claim that plaintiff presented to RHFPD on September 25, 2024, alleged that defendant Collyer was negligent because he failed to recognize that plaintiff was displaying behavior consistent with the postictal phase of a seizure; failed to convey to the responding police officers the need to leave plaintiff alone to allow him to recover from the seizure; and allowed the police officers to extract plaintiff from his vehicle in a violent manner that caused him physical and emotional injuries. *See* Dkt. No. 56-1. Those allegations are distinct from those that support plaintiff's claim for defamation against the moving defendants. The September 25, 2024, claim does not contain any factual allegations regarding defamatory statements or relating to the Patient Care Report. *See id.*

because plaintiff still has the option to file a petition with a superior court for an order relieving him of the claim presentation requirements with respect to that claim. *See* Cal. Gov't Code § 946.6.

## IV. CONCLUSION

For the reasons above, the Court **GRANTS** moving defendants' motion to dismiss **WITHOUT PREJUDICE**.

This order terminates docket number 69.

**IT IS SO ORDERED.**

Dated: February 4, 2026

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**