UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACK FRANCIS BRUCE, | Case No.  25-cv-01297-YGR  (AGT) |
| Plaintiff, | |
| v. | **DISCOVERY ORDER** |
| | Re: Dkt. No. 86 |
| ANGEL D. GARCIA, et al., | |
| Defendants. | |

Defendants Rodeo-Hercules Fire Protection District and City of Hercules (collectively, Defendants)[1] seek plaintiff Jack Bruce's (Plaintiff) employment records (Request for Production (RFP) No. 7) and communications with his father, John Bruce (RFP No. 1). Dkt. 86 & 86-1. Plaintiff opposes. Dkt. 86 & 86-2. The Court now holds that Plaintiff must answer Defendants' RFPs.

> **I.    RFP No. 1**[2]

Defendants requested all communications between Jack and anyone other than his counsel about the incident. Dkt. 86 at 2; *see also* dkt. 86-1 at 3. In response Jack provided screenshots of text messages with his parents, redacted based on attorney client privilege. Dkt. 86 at 2. Jack argues that his communications with his father are privileged because John

---

[1] City of Hercules joins arguments made by the Rodeo-Hercules Fire Protection District. Dkt. 86 at 2 n.2.
[2] For clarity, the Court will refer to Jack and John Bruce by their first names in this portion of the order.

acted both as Jack's agent and as Jack's counsel's agent. *Id.* at 7–8.

Defendants argue that Jack has failed to show that John was acting as an agent of Jack or Jack's counsel. *Id.* at 3–4. Jack does not provide details about the scope or duration of the relationship between John and Jack's counsel, for example, and has failed to show that John was acting as Jack's agent during the communications at issue here. *Id.* at 4.

Defendants have the better argument. The party who asserts attorney-client privilege must first prove that it applies. *See United States v. Martin*, 278 F.3d 988, 999–1000 (9th Cir. 2002), *as amended on denial of reh'g* (Mar. 13, 2002). Jack does not prove, for example, when he engaged counsel relative to when the messages were generated. The Court is left unable to find that any of the subject communications were generated after counsel was re-tained, let alone contacted. The Court has no basis to find, then, that John was acting at counsel's direction. *Cf. Dempsey v. Bucknell Univ.*, 296 F.R.D. 323, 329–30 (M.D. Pa. 2013) (finding agent relationship where a plaintiff's parents "operat[ed] in concert with and at the direction of defense counsel, and provid[ed] substantial assistance in preparation of the case").

Furthermore, a party withholding information and claiming privilege must expressly make the claim of privilege and must describe the nature of the undisclosed information "in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A). Here, neither party addresses whether Jack provided a sufficient privilege log, so the Court cannot find that Jack complied with Rule 26's directives.

Regarding Jack's argument that John was his agent, Jack has failed to show that his father was providing services on his behalf during the exchange of communications at issue.

John's familial relationship alone is insufficient for an agency relationship. *See Swanson v. ALZA Corp.*, No. 12-cv-04579-PJH (KAW), 2014 U.S. Dist. LEXIS 84410, at *3-4 (N.D. Cal. June 18, 2014).[3]

Jack must provide the communications between himself and his parents to Defendants, unredacted.[4]

### II.    RFP No. 7

Next, Defendants seek Plaintiff's employment records from one year prior to the incident in question in this case, to the present. Dkt. 86 at 4–5. They argue the records are relevant to evaluate Plaintiff's claims of economic loss and loss of reputation; to ascertain whether Plaintiff discussed the incident with his employer; and to assess whether Plaintiff was disciplined, reprimanded, demoted, laid off, or terminated, as relevant to his emotional distress claim. *Id.*

Plaintiff objects, arguing that he is not claiming loss of earnings and is only claiming garden variety emotional distress. *Id.* at 9. He points to responses to interrogatories in which he disavows any claim to severe emotional distress. *See id.*; dkt. 86-2 at 9. As such, a more

---

[3] Jack's other cited cases are inapposite and distinguishable. In *Bulgari v. Bulgari*, a court found an agency relationship where a plaintiff's romantic partner had specialized knowledge and was "necessary to facilitate the advice of counsel provided to" the plaintiff. 649 F. Supp. 3d 8, 11–12 (S.D.N.Y. 2023). Similarly, in *Gogue v. City of L.A.*, the plaintiff was deaf, could not speak, and could not afford to pay an interpreter, so relied upon acquaintances to translate during meetings with his attorney. No. CV 09-02610 DMG (Ex), 2010 U.S. Dist. LEXIS 153086, at *2 & *7 (C.D. Cal. Feb. 26, 2010). Here there is no allegation that Jack's counsel was included in these text messages, so John wasn't translating or facilitating for Jack. In *Humphries v. Button* and *Delgado v. City of Portland*, the courts relied on state statutes not at issue here. No. 2:21-cv-01412-ART-EJY, 2024 U.S. Dist. LEXIS 26493, at *4-5 (D. Nev. Feb. 15, 2024) & No. 3:23-cv-529-AR, 2024 U.S. Dist. LEXIS 186019, at *4-5 (D. Or. Oct. 11, 2024).

[4] Jack argues that this dispute is not limited to these redacted text messages and refers to Defendants' deposition notice for John, which seeks documents pertaining to the incident, including correspondence between John, Jack, and anyone else regarding the incident. Dkt. 86 at 7. Defendants here only discuss Jack's responses to their RFPs, *id.* at 2, and so that is the only dispute properly before the Court.

limited inquiry is appropriate and better balances Plaintiff's right to privacy with Defendants' need for the information. Plaintiff proposes limiting the requests to one year prior to the incident to the present, and to evidence that Plaintiff was disciplined, reprimanded, demoted, laid off, or terminated. Dkt. 86 at 9.

First, there is a protective order in place, dkt. 49, which should assuage Plaintiff's privacy concerns.

Next, "[a] plaintiff does not waive his or her right of privacy by asserting nothing more than a garden-variety claim of emotional distress." *Belling v. DDP Holdings, Inc.*, No. CV121855, 2013 WL 12140986, at *4 (C.D. Cal. May 30, 2013). But it is undisputed that Plaintiff is seeking $10 million in non-economic damages. Dkt. 86 at 5 & 9. Plaintiff's claim that he is only asserting garden variety emotional distress is belied by his $10 million claim. *See* dkt. 86-1 at 10. *See also S.D.S. Lumber Co. v. Gregory*, No. C20-5767, 2021 WL 2916666, at *2 (W.D. Wash. July 12, 2021) ("Damages totaling $2.9 million are not 'garden variety.'"); *Preston House v. TH Foods, Inc.*, No. 2:24-CV-01326, 2025 WL 2312346, at *3 (D. Nev. July 3, 2025) ("Plaintiff seeks $10,000,000.00 in damages for 'emotional distress & mental anguish' alone, indicating that his emotional distress claims exceed 'garden-variety.'"), *reconsideration denied,* No. 2:24-CV-01326, 2025 WL 2979746 (D. Nev. Sept. 22, 2025). Since Plaintiff is asserting more than garden variety emotional distress, his employment records are relevant: they will shed light on whether he sought accommodation from any employers or whether his work performance was otherwise impacted by the events detailed in the complaint.

Defendants don't more specifically argue regarding loss of reputation, but generally argue that evidence of Plaintiff's post-incident physical and mental suffering — whether it

impacted his ability to work, to advance his career, or to obtain new employment — is critical to evaluating Plaintiff's claims. Dkt. 86 at 5. Given that Plaintiff is claiming loss of reputation, the Court finds that Plaintiff's reputation is at issue. *See, e.g., Vincent v. City of California City*, No. 18-CV-00549, 2019 WL 1585202, at *5 (E.D. Cal. Apr. 12, 2019) ("[E]vidence of misconduct by [the plaintiff], discipline imposed on him by other employers, performance appraisals or evidence of his reputation — good or bad — contained in his personnel files, clearly would bear on his reputational claims.").

Thus, the Court agrees that Plaintiff's past work history is relevant. Plaintiff must respond to Defendants' Request for Production No. 7, with documents from one year prior to the incident until today.

This order terminates dkt. 86.

**IT IS SO ORDERED.**

Dated: March 2, 2026

Alex G. Tse
United States Magistrate Judge

5